UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY LE,<br><br>    Plaintiff,<br><br>    v.<br><br>G. SANDOR, et al.,<br><br>    Defendants. | Case No.: 1:14-cv-01464-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF MOTION FOR ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER<br><br>(ECF No. 10) |

**I.     Background**

Plaintiff Danny Le ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on September 19, 2014. (ECF No. 1.) On September 24, 2014, Plaintiff filed a motion for temporary restraining order and preliminary injunction. (ECF No. 6.) The Court denied the motion without prejudice on October 1, 2014. (ECF No. 8.) On October 10, 2014, Plaintiff filed the instant motion objecting to the denial of his motion for a temporary restraining order. (ECF No. 10.) The Court construes the objections as a motion for reconsideration of the order denying Plaintiff's motion for temporary restraining order and preliminary injunction.

///

///

1

**II.     Discussion**

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir.2009) (internal quotations marks and citations omitted). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation ..." of that which was already considered by the Court in rendering its decision. United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D.Cal.2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern–Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal.1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir.1987). Additionally, pursuant to this Court's Local Rules, when filing a motion for reconsideration, a party must show what "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

By the instant request for reconsideration, Plaintiff contends that the Court failed to consider his memorandum of law in support of the motion for a temporary restraining order and preliminary injunction. Plaintiff is correct. The Court did not consider his memorandum of law, which was filed with his complaint and entered into the docket as a single document. (ECF No. 1.) Nonetheless, even if the Court had considered the supporting memorandum, it could not issue the requested relief. As previously stated, the Court has not screened Plaintiff's complaint to determine whether it states a cognizable claim, no defendant has been ordered served and no defendant has yet made an appearance. Thus, the Court lacks personal jurisdiction over the defendants and it cannot issue an order requiring them to take any action. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110, 89 S.Ct. 1562 (1969); S.E.C. v. Ross, 504 F.3d 1130, 1138-39 (9th Cir. 2007).

The Court will screen Plaintiff's complaint in due course. Plaintiff is not precluded from refiling his motion for a temporary restraining order and preliminary injunction if his claims are found cognizable and the Court orders service of the complaint.

///

### III. Conclusion and Order

For the reasons stated, Plaintiff's motion for reconsideration of the Court's order denying his motion for temporary restraining order and preliminary injunction, filed on October 10, 2014, is DENIED.

IT IS SO ORDERED.

Dated: **October 15, 2014**        /s/ Barbara A. McAuliffe
                                  UNITED STATES MAGISTRATE JUDGE