UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY LE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>G. SANDOR, et al.,<br><br>　　　　Defendants. | Case No.: 1:14-cv-01464-BAM (PC)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br>(ECF No. 1)<br><br>THIRTY-DAY DEADLINE |

### I. Screening Requirement and Standard

Plaintiff Danny Le ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on September 19, 2014, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at California State Prison, Corcoran, where the events in the complaint are alleged to have occurred. Plaintiff names the following defendants: (1) Warden G. Sandor; (2) Appeals Coordinator D. Goree; and (3) Appeals Coordinator K. Cribbs.

Plaintiff alleges that he is a mentally ill inmate in segregation currently taking antipsychotic medications. His medications are also known as heat meds because, according to Plaintiff's doctor, they interfere with his body's response to heat and make his body unable to control its own temperature.

Plaintiff contends that in general population throughout California if the temperature goes into the 90s, then a heat alert is automatically announced. During the announcement, all inmates on heat meds must return to their buildings and stay inside. At some prisons, said inmates are given ice and allowed to shower. For those who do not have personal fans, the building officers often leave the tray slots unlocked and point industrial size fans at the tiers.

1    Plaintiff alleges that in Ad-Seg he is not afforded anything to remedy the heat. To make it
2 worse, his vent is not properly functioning so that when it is 100 degrees outside, it will be 110-115
3 inside his cell. The heat is unbearable and Plaintiff has been suffering side effects, including seeing
4 dots, feeling faint, cramping up, hallucinating, dizziness, constant sweating, dehydration, dry mouth,
5 blurry vision, and nausea. Plaintiff has fainted several times, resulting in injuries such as bumps,
6 knots, lacerations and abrasions.
7    On August 25, 2014, Plaintiff filed an emergency 602 complaint.
8    On September 4, 2014, Plaintiff talked to his psychiatrist about the matter. Plaintiff's
9 psychiatrist talked to the property officer, Scalia, about giving Plaintiff his personal fan to help keep
10 cool. Scalia spoke to Plaintiff with his psychiatrist present, explaining that he could not give Plaintiff
11 his fan unless the warden approves it.
12    On September 6, 2014, Plaintiff sent another 602 on the matter because he never heard
13 anything back on his original 602. Both 602s requested that the warden read them.
14    On September 9, 2014, the Appeals Coordinator, Defendant D. Goree, rejected Plaintiff's
15 emergency 602 and instructed him to submit an inmate request to the property officer, Scalia, before
16 resubmitting his 602. Plaintiff believed that the property requests would take at least a month.
17    On September 10, 2014, Plaintiff resubmitted his 602 and asked that it bypass the informal
18 level and be processed as an emergency 602.
19    On September 14, 2014, Plaintiff wrote a letter to the Warden, but did not get a response.
20    On September 19, 2014, Appeals Coordinator Defendant K. Cribbs rejected the emergency 602
21 because Plaintiff attached an unauthorized handwritten page explaining why his 602 should be
22 processed as an emergency. Defendant Cribbs told Plaintiff that instead of using the unauthorized
23 page he was supposed to use the space allowed in the 602. This did not make sense to Plaintiff
24 because he already used the space in laying out his complaint. Defendant Cribbs also told Plaintiff to
25 resubmit his 602 keeping in mind that he could not file more than one appeal within a 14-day period.
26    Plaintiff believes that both Appeals Coordinators are giving him a hard time because he is
27 known to complain to the Warden about them whenever he files a complaint. Plaintiff believes that
28

1  Defendants Gorree and Cribbs are looking for any reason to deny his complaint.  He also believes that
2  they are retaliating against him.
3        Plaintiff asserts claims against Defendants Gorree and Cribbs for retaliation in violation of the
4  First Amendment and deliberate indifference in violation of the Eighth Amendment.  Plaintiff also
5  asserts a claim for deliberate indifference to serious medical needs in violation of the Eighth
6  Amendment against Defendant Sandors.  Plaintiff also forwards state law claims of intentional
7  infliction of emotional distress and negligence.

### III. Discussion

#### A. Inmate Grievances

Plaintiff appears to complain about the actions of Defendants Gorree and Cribbs in the course of reviewing his inmate appeals.  However, the prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir.1993). The complaint therefore fails to state a cognizable claim against Defendants Gorree and Cribbs based on the administrative review process.

#### B. First Amendment – Retaliation

Within the prison context, a viable claim of First Amendment retaliation consists of five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

A plaintiff suing for retaliation under section 1983 must allege that "he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline." Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994). The plaintiff does not need to show actual inhibited or suppressed speech, but that there was a chilling effect upon his speech. Rhodes, 408 F.3d at 569. The burden is on the

plaintiff to plead and prove the absence of any legitimate correctional goals for the alleged conduct. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).

Here, Plaintiff appears to allege that Defendants Gorree and Cribbs retaliated against him by screening out his 602 appeals in retaliation for his complaints about them made to the Warden. Plaintiff fails to state a cognizable claim of retaliation against Defendants Gorree and Cribbs. Although Plaintiff alleges that Defendants Gorree and Cribbs rejected his 602s, he admits that Defendants Gorree and Cribbs instructed him to either submit a property request or submit a corrected 602. There is no allegation that Defendants Gorree and Cribbs took any adverse action against Plaintiff or prevented him from requesting a fan. There also is no allegation that action chilled the exercise of Plaintiff's First Amendment rights or did not serve a legitimate correctional goal, such as following the proper prison procedures.

**C. Eighth Amendment**

**1. Deliberate Indifference to Serious Medical Needs**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir.2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096; Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir.2012).

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1018 (9th Cir. 2010). Deliberate indifference is a high legal standard. Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994).

Plaintiff fails to state a cognizable claim for deliberate indifference to serious medical needs against any defendant. Defendants Gorree and Cribbs cannot be held liable based on the rejection of his administrative appeals. Further, Defendant Gorree instructed Plaintiff on the procedure to request a fan and Defendant Cribbs instructed Plaintiff on the proper procedure for submitting his 602 request. There is no allegation that they were deliberately indifferent to a serious medical need.

With regard to Defendant Warden Sandors, Plaintiff alleges that he wrote a letter to Warden informing him of the matter. However, there is no indication that the Warden received the letter or knew of a serious medical need and failed to respond. Further, there is no indication that Plaintiff sought a medical chrono or submitted a formal property request to obtain a fan. Moreover, there is no indication that Plaintiff's condition, caused by heat, was more than a temporary deprivation. "If the harm is an isolated exception to the defendant's overall treatment of the prisoner it ordinarily militates against a finding of deliberate indifference." Jett, 439 F.3d at 1096.

### IV.   Conclusion and Order

Plaintiff's complaint fails to state a cognizable claim for relief. The Court will grant Plaintiff an opportunity to cure the identified deficiencies. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's complaint is dismissed with leave to amend;
3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint; and
4. <u>If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order and failure to state a claim</u>.

IT IS SO ORDERED.

Dated:   **October 15, 2014**             /s/ *Barbara A. McAuliffe*
                                                                     UNITED STATES MAGISTRATE JUDGE