**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANNY LE,<br><br>          Plaintiff,<br><br>     v.<br><br>G. SANDOR, et al.,<br><br>          Defendants. | Case No.: 1:14-cv-01464-BAM (PC)<br><br>ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |

### I.     Screening Requirement and Standard

Plaintiff Danny Le ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On October 16, 2014, the Court dismissed Plaintiff's complaint with leave to amend within thirty days. (ECF No. 12.) Plaintiff's first amended complaint, filed on October 29, 2014, is currently before the Court for screening. (ECF No. 13.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at California State Prison, Corcoran, where the events in the complaint are alleged to have occurred.  Plaintiff names Warden Davey and Appeals Coordinator D. Goree as defendants.

Plaintiff alleges that he is a mentally ill inmate in segregation suffering discomfort due to his antipsychotic meds and being exposed to extreme heat from poor ventilation and lack of remedies to help him deal with the heat.  According to Plaintiff's doctor, his meds, which are also known as heat meds, interfere with his body's response to heat.  When the temperature exceeds 90° outside, Plaintiff may see dots, feel faint, cramp up, hallucinate, get dizzy, sweat, dehydrate, or have dry mouth, blurry vision, and nausea.  Plaintiff alleges that he has fainted several times resulting in injuries such as bumps, knots, lacerations and abrasions.

Plaintiff asserts that he filed 602 complaints asking for remedies to help him deal with the heat. In his 602s, Plaintiff laid out the side effects of heat meds.  Plaintiff spoke to Property Officer Scalia

about having a fan.  Officer Scalia said that he could not give Plaintiff a fan unless the warden approved.  On both 602s, Plaintiff requested that Warden Davey read the appeals.  On September 14, 2014, about a week after Plaintiff filed his 602, Plaintiff sent a letter to Warden Davey with the side effects, his situation and the remedies, such as a fan, ice or an extra shower.  Warden Davey did not respond.

Plaintiff further alleges that he filed an emergency 602 regarding this matter on August 25, 2014.  When he did not receive a response, Plaintiff filed another emergency 602 on September 6, 2014.  Plaintiff laid out the side effects and how Plaintiff and his psych had already talked to Property Officer Scalia about letting him have a fan.

On September 9, 2014, Appeals Coordinator D. Goree rejected Plaintiff's emergency 602 and instructed Plaintiff to submit an inmate request to Scalia.  Plaintiff alleges that emergency appeals include circumstances involving a serious and imminent threat to health and safety.  Plaintiff alleges that his 602 was clearly an emergency, but Appeals Coordinator Goree did not grant the 602.  Appeals Coordinator Goree told Plaintiff to fill out an inmate request to Property Officer Scalia first and then continue the process to Scalia's supervisor for review and response before resubmitting the 602. Plaintiff alleges that this process would take at least a month to complete during which Plaintiff would be suffering.  Plaintiff alleges that Defendant Goree knew this, but told him to do it so that he would suffer.  Plaintiff asserts that he has been having a hard time getting his appeals processed ever since he complained to the Warden about the appeals coordinators.  Plaintiff asserts that the Appeals Coordinators would retaliate against him by finding any reason to reject his appeals.

Plaintiff seeks declaratory and injunctive relief, along with compensatory and punitive damages.

### III. Discussion

### A. Inmate Grievances

As with his original complaint, Plaintiff complains about the action of Defendant Goree in the course of reviewing his inmate appeals.  However, the prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability

3

under section 1983. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir.1993). The complaint therefore fails to state a cognizable claim against Defendant Goree based on the administrative review process.

### B. First Amendment – Retaliation

Within the prison context, a viable claim of First Amendment retaliation consists of five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

A plaintiff suing for retaliation under section 1983 must allege that "he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline." Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994). The plaintiff does not need to show actual inhibited or suppressed speech, but that there was a chilling effect upon his speech. Rhodes, 408 F.3d at 569. The burden is on the plaintiff to plead and prove the absence of any legitimate correctional goals for the alleged conduct. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).

Here, Plaintiff alleges that Defendant Gorree retaliated against him by screening out his emergency 602 appeal in retaliation for his complaints to the Warden.  Plaintiff fails to state a cognizable claim of retaliation against Defendant Goree.  Although Plaintiff alleges that Defendant Goree rejected his 602, he admits that Defendant Goree instructed him to submit a property request.  There is no indication that Defendant Gorree took any adverse action against Plaintiff or prevented him from requesting a fan or other remedy from Property Office Scalia or Scalia's supervisor.  There also is no indication that Defendant Goree's instructions failed to serve a legitimate correctional goal, such as following the proper prison procedures for obtaining a fan.

### C. Eighth Amendment-Deliberate Indifference to Serious Medical Needs

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir.2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251

4

1  (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious
2  medical need' by demonstrating that failure to treat a prisoner's condition could result in further
3  significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's
4  response to the need was deliberately indifferent." Jett, 439 F.3d at 1096; Wilhelm v. Rotman, 680
5  F.3d 1113, 1122 (9th Cir. 2012).

6  　　　Deliberate indifference is shown where the official is aware of a serious medical need and fails
7  to adequately respond. Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1018 (9th Cir. 2010).
8  Deliberate indifference is a high legal standard. Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391
9  F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make
10 an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer v.
11 Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994).

12 　　　As with his original complaint, Plaintiff fails to state a cognizable claim for deliberate
13 indifference to serious medical needs against any defendant.  Defendant Goree cannot be held liable
14 based on the rejection of his administrative appeals.  Further, Defendant Gorree instructed Plaintiff on
15 the procedure to request a fan.  There is no indication that Defendant Goree was deliberately
16 indifferent to a serious medical need.

17 　　　With regard to Defendant Warden Davey, Plaintiff alleges that he wrote a letter to the Warden
18 informing him of the matter.  However, there is no indication that the Warden received the letter or
19 knew of a serious medical need and failed to respond.  Further, there is no indication that Plaintiff
20 sought a medical chrono or submitted a formal property request to obtain a fan.  Moreover, there is no
21 indication that Plaintiff's condition, caused by heat, was more than a temporary deprivation.  "If the
22 harm is an isolated exception to the defendant's overall treatment of the prisoner it ordinarily militates
23 against a finding of deliberate indifference." Jett, 439 F.3d at 1096.

24 　　**D.  State Law Claims**

25 　　　The Court declines to address Plaintiff's purported state law claims for negligence and
26 intentional infliction of emotional distress because it will not exercise supplemental jurisdiction over
27 such a claim in the absence of any cognizable federal claim. 28 U.S.C. § 1367(a), (c); Herman Family
28 Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001) (supplemental jurisdiction may

only be invoked when the court has original jurisdiction). "When ... the court dismisses the federal claim leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss them without prejudice." Les Shockley Racing v. National Hot Rod Ass'n, 884 F.2d 504, 509 (9th Cir.1989).

### IV.     Conclusion and Order

Plaintiff's complaint fails to state a cognizable federal claim for relief.  Despite being provided with the relevant legal standards, Plaintiff has been unable to cure the deficiencies in his federal claims.  Therefore, further leave to amend is not warranted.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's state law claims are dismissed, without prejudice, for lack of jurisdiction; and
2. This action is dismissed as to Plaintiff's federal claims, with prejudice, for failure to state a claim under section 1983.

IT IS SO ORDERED.

Dated:     **February 12, 2015**          /s/ *Barbara A. McAuliffe*          
UNITED STATES MAGISTRATE JUDGE